IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Simmons, | ) | C/A No. 0:12-2372-JMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND** |
| Larry Cartledge, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Michael Simmons ("Petitioner"), a self-represented state prisoner,

filed a petition for a writ of habeas corpus. This matter is before the court pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Perry

Correctional Institution, a facility of the South Carolina Department of Corrections, and files

this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in

accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

In the above-captioned case, Petitioner has submitted a handwritten Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2241 with respect to his convictions for

attempted armed robbery (three counts) and his conviction for first-degree burglary entered

in the Court of General Sessions for Greenville County in 2004. Petitioner states that on

February 12, 2010, he filed a "Motion to Set Aside Judgment" in the Office of the Clerk of

Court for Greenville County. Copies of Petitioner's motion were forwarded to the Solicitor's

Office and to the Attorney General of South Carolina. No "rebuttal" has been filed in that

matter. Petitioner also indicates that he filed a Petition for Original Jurisdiction and a

Petition for Writ of Mandamus in the original jurisdiction of the Supreme Court of South Carolina. Petitioner indicates that the Supreme Court of South Carolina denied the motions on November 17, 2010.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291, 1295-96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow

the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. <u>Erickson</u>, 551 U.S. at 93 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Insofar as Petitioner is seeking federal habeas corpus relief with respect to his three convictions for attempted armed robbery and his conviction for first-degree burglary, Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive Section 2254 petition. <u>See</u> Rule 9 of the Rules Governing Section 2254 Cases; <u>In re: Williams</u>, 330 F.3d 277, 281–84 (4th Cir. 2003). The styling of the Petition as a Section 2241 Petition will not enable this court to address successive § 2254 claims. <u>See</u> <u>Thomas v. Crosby</u>, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be

PJG

a § 2241 petition.") (cited by <u>Ferrell v. Warden of Lieber Corr. Inst.</u>, Civil Action No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), *adopted*, 2010 WL 3258295 (D.S.C. Aug. 16, 2010)).

Petitioner's § 2254 claims relating to his convictions have already been decided adversely to Petitioner by this court.   In <u>Simmons v. Bazzle</u>, Civil Action No. 0:08-1028-PMD, Petitioner on March 27, 2008, brought a § 2254 action to challenge his convictions.  On April 1, 2008, the Honorable George C. Kosko, United States Magistrate Judge, directed the respondent to file an answer or return.  The respondent filed a return and motion for summary judgment on June 26, 2008.  Magistrate Judge Kosko issued a <u>Roseboro</u> order on June 27, 2008, to apprise Petitioner of dispositive motion procedure. <u>See</u> <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).  Petitioner filed his response on July 28, 2008.

In a Report and Recommendation filed in Civil Action No. 0:08-1028-PMD on February 20, 2009, the Honorable Bristow Marchant, United States Magistrate Judge, recommended that the respondents' motion for summary judgment be granted.  The parties in Civil Action No. 0:08-1028-PMD were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so.  On March 9, 2009, Petitioner filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 0:08-1028-PMD on March 26, 2009, the Honorable Patrick Michael Duffy, United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondent.  Judge Duffy on April 13, 2009, denied Petitioner's motion to alter or amend judgment.



Petitioner's subsequent appeal (Fourth Circuit Docket No. 09-6787) in Civil Action No. 0:08-1028-PMD was not successful. On July 30, 2009, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. See Simmons v. Bazzle, No. 09-6787, 332 F. App'x 149, 2009 WL 2337276 (4th Cir. July 30, 2009).

This court may take judicial notice of Civil Action No. 0:08-1028-PMD See, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); Long v. Ozmint, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'").

The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); see also Tyler v. Cain, 533 U.S. 656, 661-68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 0:08-1028-PMD was decided by summary judgment, the Petition in the above-captioned case (Civil Action No. 0:12-2372-JMC-PJG), though styled as a § 2241 petition, raises successive habeas corpus claims.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

In any event, there is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). See In re: Williams, 330 F.3d at 278-80.

This court cannot issue an order (such as a writ of mandamus) compelling courts of the State of South Carolina's unified judicial system to take action on Petitioner's Motion

to Set Aside Judgment. <u>Gurley v. Superior Court of Mecklenburg Cnty.</u>, 411 F.2d 586, 587-88 (4th Cir. 1969).

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. <u>See</u> Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts (stating that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

<b>RECOMMENDATION</b>

Accordingly, the court recommends that the § 2241 Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return. <u>See</u> Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the court deny a Certificate of Appealability.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 14, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).